*MANUEL A. SANCHEZ, JR.*
Attorney at Law

2116 Williamsbridge Road
Bronx, New York 10461

(Bus.) 718-892-4471                                                                                                           (Fax) 718-792-7645
_____

October 7, 2015

The Honorable Jed S. Rakoff
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

Re: United States v. Elehecer Balaguer
Criminal Docket No. 15 CR 275(JSR)

**SENTENCING MEMORANDUM FOR ELEHECER BALAGUER**

      Defendant, Elehecer Balaguer, by and through his counsel, Manuel A. Sanchez, Jr., Esquire, hereby moves this Honorable Court to consider the enclosed arguments briefly highlighting why this Honorable Court should impose a non-incarceratory sentence, consistent with the nature and circumstances of the offense and the history and characteristics of the defendant.

**FACTORS TO BE CONSIDERED BY THE COURT**

      Pursuant to 18 U.S.C. section 3553 (a)(2), to achieve the four purposes of sentencing, (retribution, deterrence, incapacitation, and rehabilitation), a sentencing court must impose a sentence that is "sufficient, but not greater than necessary." To accomplish this, Congress, by statute, has established that to impose a sentence which is "sufficient, but not greater than necessary," the Court shall consider the following several factors. Listed below are some which, we believe, are relevant to this case:

a) the nature and circumstances of the offense and the history and characteristics of the defendant;

b) the kinds of sentences available;

c) the guidelines and policy statements issued by the Sentencing Commission, including the advisory guidelines ranges; and

d) the need to provide restitution to any victim of the offense.

On May 5, 2015, defendant entered a guilty plea before Honorable Judge Jed S. Rakoff to "...knowingly aiming a laser pointer at an aircraft " in violation of Title 18, United States Code, Section 39A , pursuant to Count One in the information.

### HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Elehecer Balaguer was born on December 20, 1960 in New York, 54 years ago and raised by both parents in the Bronx. He was one of seven children born to the marital union of Alberto and Julia Balaguer. Of the seven siblings only three are still living. Two died of Aids and one died under suspicious circumstances, having been found dead on a street in the Bronx.

Rather than repeat what is already contained in the PSR about Mr. Balaguer's personal and family history, this writer believes that it would be more instructive to focus on Mr. Balaguer's mental and physical health issues, which are many and more helpful in explaining his conduct.

Mr. Balaguer has been under under the care of Dr. Elise Richman, a psychiatrist , for the past 28 years.   According to the PSR, he suffers from Schizoaffective Disorder and Nicotine Use Disorder. In addition, as indicated by his criminal history, he has been a drug abuser since the age of 15. He is currently in a methadone program but admits to still smoking marijuana.

To assist me in writing this memorandum, I consulted Dr. Andreas Kaubisch, an oncologist, at the Department of Medical Oncology Montefiore Einstein Center for Cancer Care and an Assistant Professor of Medicine who is currently treating Mr. Balaguer for advanced liver cancer. (See attached letter dated September 24, 2015.)

According to Mr. Balaguer, he fell in the street about a month ago (he is not quite certain when). He felt excruciating pain in his side and was taken to a hospital for treatment.  It was then discovered that he was suffering from advanced liver cancer.  Since then, he has been attending Montefiore Cancer Care Center.  As we can see from the Dr. Kaubisch's letter, his prognosis is not good.

I am not unmindful of the defendant's criminal history. It is awful. But sometimes it is necessary to look at circumstances that may have contributed to the defendant's transgressions.

Circumstances do matter. We know that genes, experience, values, and luck--all contribute to who we are and the choices we make. We cannot do much to change our genetic makeup. Nor can we change what has already happened.

This brings us to Mr. Balaguer and to what sentence he should receive. Having pled guilty to Count One in the Information, a Class D felony, and having a criminal history category of 111, his the guideline imprisonment range is 24 to 30 months.

I submit that a sentence of any period of incarceration for Mr. Balaguer, under the circumstances, would be unduly cruel and inhuman.

First, considering Mr. Balaguer's mental problems, it would be difficult to believe that he had any intention of causing any harm to anybody--much less the pilots--when he aimed the laser out of his window. Admittedly, the mens rea required under the statute is "knowingly" and not "intentionally." But it should be noted that the defendant had no intention to cause harm or injury to anybody. And nobody was injured.

Secondly, the moment he realized that an innocent person had been wrongly arrested for what he had done, he called this attorney and arranged to appear in the Bronx Criminal Court where he, in open court, admitted that he--and not the person who had been arrested--was the one who had aimed the laser at the airplanes. He courageously accepted responsibility for his actions, thus making it possible for an innocent man to go free.

Thirdly, his liver cancer is so advanced that, according to Dr. Kaubisch, "...there is a good chance that [Mr. Balaguer] will die from his disease within the coming year."

## KINDS OF SENTENCES AVAILABLE

Based on a total offense level of 15 and a Criminal History Category of 111, the guideline range is 24 to 30 months.

## GUIIDELINE RANGES

Pursuant to the United States Sentencing Commission Guidelines, the PSR set the total offense level in this case at 15 (18 to 24 months).  It is the defendant's criminal history that bumps his exposure to a much higher level.

## CONCLUSION

Thus, I respectfully request that the Court consider sentencing Mr. Balaguer to house arrest for a period of 18 to 24 months or fewer, taking into consideration that he will probably die within the coming year.  In this way, he can receive the proper treatment that he needs to alleviate his pain and suffering. Let him avoid the indignity of dying in prison and die, instead, in peace among those who love him.

Dated: October 6, 2015
      Bronx, New York 10461

Respectfully submitted,
Manuel A. Sanchez, Jr.
Attorney for Defendant
Elehecer Balaguer

s/_____

CC: AUSA Ian McGinley